Melvyn KAUFMAN, et al.,
Plaintiffs–Appellants,

v.

The CITY OF NEW YORK, et al.,
Defendants–Appellees.

No. 339, Docket 89–7621.

United States Court of Appeals,
Second Circuit.

Argued Nov. 13, 1989.

Decided Dec. 8, 1989.

Milton S. Gould, New York City (Shea & Gould, Robert J. Ward, Jonathan M. Landsman, of Counsel), for plaintiffs-appellants.

Elizabeth S. Natrella, New York City, Asst. Corp. Counsel of the City of New York (Peter L. Zimroth, Corp. Counsel of the City of New York, Pamela Seider Dolgow, Asst. Corp. Counsel, Julian Bazel, Asst. Corp. Counsel, of counsel), for defendants-appellees.

Before FEINBERG and MESKILL, Circuit Judges, and COFFRIN, District Judge.*

* Honorable Albert W. Coffrin, Senior United States District Judge for the District of Vermont, sitting by designation.

1. Local Law 76 was amended in December 1986 by Local Law No. 80 of 1986. The main provi-

PER CURIAM:

Plaintiffs-appellants, the holders of fee or leasehold interests in three Manhattan office buildings, appeal from a judgment of the United States District Court for the Southern District of New York, Robert J. Ward, J., dismissing their complaint on the motion of defendants-appellees City of New York, the Environmental Control Board of the City of New York, Edward I. Koch, in his capacity as Mayor of the City of New York, and the Commissioners of the Department of Environmental Protection and the Department of Buildings. The district court dismissed plaintiffs' federal constitutional claims on the merits, and their pendent state claims for lack of subject matter jurisdiction.

Appellants challenge the constitutionality of New York City Local Law No. 76 of 1985 and related regulations (Local Law 76).[1] During 1968–1971, the period when the buildings in issue were constructed, appellants, in compliance with the city's prior fireproofing requirements, installed asbestos, which was then one of two city approved fireproofing materials. In 1971, the City banned the use of sprayed asbestos in building construction, and in 1985 Local Law 76 was enacted. That law requires, among other things, that the presence and condition of asbestos be ascertained before any building alteration or demolition is performed; that asbestos be removed or encapsulated if such work will cause asbestos to become airborne; and that all asbestos abatement activities be conducted in accordance with approved safety procedures by people with appropriate training and certification. Local Law 76 does not require that building owners remove asbestos that is undisturbed or that will not be disturbed by alteration or demolition.

Appellants contend that the challenged law effects a regulatory taking of their

sions of Local Law 76 as amended have been codified in the Administrative Code §§ 24–146.1 and 27–198.1.

property without just compensation by requiring them to pay the costs of the City's past mistakes and by rendering their office buildings unfit for their intended purpose unless appellants incur very substantial expenses. In addition, appellants argue that Local Law 76 effects a physical taking, by requiring them to seal off and close portions of their buildings. Appellees reject the characterization of Local Law 76 as a physical taking, since the law only regulates the uses to which appellants' property can be put, and contend that the regulatory taking claim also fails, since appellants have not alleged that they are no longer able to operate their buildings at a profit.

Appellants also argue that Local Law 76(a) offends substantive due process by retroactively requiring them to bear all of the costs of removing asbestos originally installed at the City's direction, and (b) denies them procedural due process, because of the improper delegation of governmental power to private asbestos investigators, whose certifications determine whether a project is subject to the requirements of Local Law 76, and because of the absence of any provision for a hearing or appeal from an adverse determination to a neutral governmental officer. With respect to the substantive due process claim, appellees respond that the City can require property owners to comply with new safety measures that are rationally related to its legitimate interest in public health and safety, even where compliance entails costly improvements to existing, lawfully constructed buildings. With respect to the procedural due process claim, appellees maintain that state delegations of power do not implicate federal constitutional concerns, and that appellants have adequate administrative and judicial remedies, including recourse to the state courts.

Judge Ward dealt with all of appellants' constitutional claims in his opinion, which is reported at 717 F.Supp. 84. Appellants raise other, less substantial, arguments, which we need not discuss. We have considered them, and they are unpersuasive. In light of the careful and comprehensive opinion of the district judge, we see no

reason for unnecessarily adding to the pages of the Federal Reporter, 2d Series, and we affirm substantially for the reasons given in the judge's opinion.

Judgment affirmed.